```
                 IN THE UNITED STATES DISTRICT COURT
                      FOR THE DISTRICT OF KANSAS
```

**GREGORY LEE McCALL,**

              **Plaintiff,**

      v.                        CASE NO.  07-3087-SAC

**UNITED STATES**
**OF AMERICA, et al.,**

              **Defendants.**

## O R D E R

This is a civil complaint filed pursuant to 28 U.S.C. § 1331 and the Federal Tort Claims Act, 28 U.S.C. §§ 1346, 2671-2680, by an inmate of the United States Penitentiary, Leavenworth, Kansas (USPL). Plaintiff has also filed an application for leave to proceed in forma pauperis (Doc. 2). Having examined the materials filed the court finds as follows.

Plaintiff names as defendants the United States, the Federal Bureau of Prisons (BOP), Duke Terrell, Warden USPL, and Officer Cantrell, a USPL employee. As the factual basis for his complaint, he alleges that during a cell search defendant Cantrell destroyed personal property he had purchased with his commissary credits. More specifically, he alleges Cantrell threw away food items that plaintiff was preparing for a meal and other items from his locker that had been taken out of the original packages and placed in resealable jars. He additionally alleges Cantrell threw the food on the floor and toilet, forcing plaintiff to clean up. Plaintiff claims that defendant Cantrell's acts were retaliatory, "based upon his personal dislike for Black Muslims," and done with malicious intent to cause plaintiff mental and emotional distress and monetary

loss.  He also claim that defendant Cantrell retaliated against him for filing a grievance on the incident.  However, he alleges no facts in support of his claims of retaliation.  Plaintiff seeks actual and punitive damages for mental distress, and costs.

Section 1915(g) of 28 U.S.C., provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court that is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

Id.  Mr. McCall has previously been designated a three-strikes litigant under § 1915(g), and is therefore required to "pay up front for the privilege of filing . . . any additional civil actions," unless he can show "imminent danger of serious physical injury. Id.; Jennings v. Natrona County Detention Center, 175 F.3d 775, 778 (10th Cir. 1999); see also Ibrahim v. District of Columbia, 463 F.3d 3, 6 (D.C. Cir. 2006)("Congress enacted the PLRA primarily to curtail claims brought by prisoners under 42 U.S.C. 1983 and the Federal Tort Claims Act, most of which concern prison conditions and many of which are routinely dismissed as legally frivolous."); Santana v. United States, 98 F.3d 752, 755 (3d Cir. 1996)(citing legislative history); In re Smith, 114 F.3d 1247, 1249 (D.C. Cir. 1997).  Federal records reflect that Mr. McCall has filed two cases in this court and one in the United States District Court for the Western District of Missouri which were dismissed for failure to state a claim for relief or as legally frivolous[1].  None of the facts

---

[1] The cases identified as the basis of this designation are McCall v. Johnson County Sheriff Department, Case No. 02-3184-GTV

alleged by plaintiff suggests he is in imminent danger of serious physical injury. Accordingly, Mr. McCall may proceed in this action only if he pays the filing fee of $350.00 for filing a civil complaint.

**IT IS THEREFORE BY THE COURT ORDERED** that plaintiff's application for leave to proceed in forma pauperis (Doc. 2) is denied; plaintiff is granted thirty (30) days in which to submit the $350.00 filing fee; and failure to pay the full filing fee within that time will result in the dismissal of this action without prejudice.

**IT IS SO ORDERED.**

Dated this 3rd day of May, 2007, at Topeka, Kansas.

s/Sam A. Crow
U. S. Senior District Judge

---

(D.Kan. 2/24/03)(Dismissed for failure to state a claim for relief), aff'd, 71 Fed.Appx. 30, 2003 WL 21716433 (10th Cir. 2003); McCall v. Keefe Supply Company, Case No. 02-3185-GTV (D.Kan. 2/24/03)(Dismissed for failure to state a claim for relief), aff'd, 71 Fed.Appx. 779, 2003 WL 21716435 (10th Cir. 2003); and McCall v. Whipple, Case No. 03-00015-FJG (W.D.Mo. 2/11/03)(Dismissed as frivolous).